STEPHEN YOKEL, an Infant, by MARY YOKEL, His Guardian ad Litem, Appellant, *v.* SAFETY HOLDING COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, January 15, 1926.

Negligence — action for personal injuries — child stumbled over debris of unused water tank on roof of defendant's tenement house and suffered personal injuries — child on roof with mother — owner had notice of condition — error to dismiss complaint.

In an action against the owner of a tenement house for injuries suffered by a four-year old child when it stumbled over debris of an unused water tank on the roof of the house where its mother had taken it, the court should have submitted to the jury the question of whether or not the defendant was chargeable with knowledge of the condition of the premises, where it appears that although actual notice had not been given, the condition had existed for a long period of time.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Second District, dismissing the complaint.

*Israel & Schuhmann* [*Mortimer H. Israel* of counsel], for the appellant.

*Phillips, Jaffe & Jaffe* [*Moses Jaffe* of counsel], for the respondent.

WAGNER, J.   The plaintiff having made out a *prima facie* case it was error for the trial justice to dismiss the complaint and refuse the submission of the evidence to the jury for their consideration. Reading the proof with its favorable inferences toward plaintiff it appears that the infant, about four years old, was taken by its mother to the roof of the tenement house in which they resided, where she was hanging clothes on washlines with the permission of the owner; that she had no one to intrust the care of the child with and directed the child to stand immediately beside her; that while doing her work the child stumbled over some wood lying on the roof and in thus falling caused certain injuries.   The evidence showed that there formerly had been installed upon the roof a large wooden tank for water supply which later had been discontinued in use and had deteriorated to the extent of falling apart with its debris strewn about the roof for a period of time long enough to impute notice thereof to the owner, and that it was upon one of these broken pieces that the child stumbled and fell.   The dismissal of the case on the ground that no negligence on the defendant's part had been shown was clearly unjustified upon the state of facts above related.   There was presented an issue of fact on that phase of the case which the plaintiff was entitled to have decided by the

jury. It follows, therefore, that the judgment appealed from must be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, GUY, WAGNER and LYDON, JJ.